UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL JENKINS,

       Plaintiff,

    v.                    Case Number 2:21-CV-11708
                                 HON. GEORGE CARAM STEEH

HEIDI WASHINGTON, ET. AL,

       Defendants.

_____/

**OPINION AND ORDER DENYING APPLICATION
TO PROCEED WITHOUT PREPAYMENT OF
<u>FEES AND COSTS AND DISMISSING COMPLAINT</u>**

This matter is before the Court on plaintiff's *pro se* civil rights

complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff is an inmate

confined at the Oaks Correctional Facility in Manistee, Michigan.  Upon

review of plaintiff's case and his litigation history in the federal courts, this

Court concludes that his case must be dismissed without prejudice

pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district

court shall require the parties instituting any civil action, suit or proceeding

in such court, whether by original process, removal or otherwise, to pay a

filing fee of $350 ...." *See also Owens v. Keeling,* 461 F.3d 763, 773 (6th

Cir. 2006).  Plaintiff failed to provide the $350.00 filing fee, plus a $ 52.00 administrative fee, when he filed his complaint.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997).  The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

A review of federal court records indicates that the plaintiff has at least four prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Jenkins v. Pandya*, No. 1:95-cv-865 (W.D. Mich. Jan. 4, 1996); *Jenkins v. Calley*, No. 4:95-cv-59 (W.D. Mich. June 27, 1995); *Jenkins v. Ralph*, No. 2:94-cv-98 (W.D. Mich. July 18, 1994); *Jenkins v. Pandya*, No. 1:94-cv-182 (W.D. Mich. May 25, 1994).

Additionally, Plaintiff has been denied leave to proceed *in forma pauperis* on multiple occasions because he has three strikes. *See, e.g., Jenkins v. Henry Ford Allegiance Healthcare System*, No. 1:21-cv-11707

- 2 -

(E.D. Mich. Aug. 6, 2021); *Jenkins v. Munson Healthcare Manistee Hospital*, No. 1:21-cv-388 (W.D. Mich. June 23, 2021); *Jenkins v. Davids, et al.*, No. 1:21-cv-394 (W.D. Mich. May 20, 2021).

Under the PLRA, a federal court may dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997).  The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003).  A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539.  The federal courts in general, and this Court in particular, can take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *See Taylor v. United States*, 161 F. App'x. 483, 485-86 (6th Cir. 2005).

Plaintiff has had at least four prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon

which relief could be granted.  The fact that all of plaintiff's cases were

dismissed prior to the enactment of the PLRA does not mean that they

cannot be used to deny plaintiff permission to proceed without prepayment

of fees or costs. There is no impermissible effect in applying the three

strikes provision contained in § 1915(g) to complaints filed prior to April 26,

1996, the enactment date of the PLRA. *See Wilson v. Yaklich*, 148 F. 3d

596, 602-03 (6th Cir. 1998).  Dismissals of prior actions entered prior to the

effective date of the PLRA may thus be counted towards the "three strikes"

allowed inmates under the PLRA to preclude an inmate from proceeding *in*

*forma pauperis* in a civil action. *Id.* at 604.

Plaintiff has not alleged any facts which would establish that he is in

imminent danger of serious physical injury, and thus, he does not come

within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits

him from proceeding *in forma pauperis* in light of his four prior frivolity

dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 F. App'x. 470,

472 (6th Cir. 2002).  Plaintiff alleges that the defendants failed to his

Tuberculosis and Hepatitis for thirty years, from approximately 1986 until

2017, before he finally received treatment.

In order to come within the "imminent danger" exception contained in

28 U.S.C.§ 1915(g), a prisoner must show that "the threat or prison

- 4 -

condition 'must be real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x. 796, 797 (6th Cir. 2008). Assertions of past danger will not satisfy the imminent danger exception. *See Pointer v. Wilkinson*, 502 F.3d 369, 371, n. 1 (6th Cir. 2007); *Rittner,* 290 F. App'x. at 797. The imminent danger exception to the "three strikes" provision of § 1915(g) requires that the imminent danger be contemporaneous with the complaint's filing. *See Vandiver v. Vasbinder,* 416 F. App'x. 560, 562 (6th Cir. 2011). Plaintiff's allegations fail to show that there is any imminent danger that is contemporaneous with the filing of this complaint.

Plaintiff's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g). Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

Plaintiff has had four prior cases dismissed against him for being frivolous, malicious, or failing to state a claim; 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court refuses to certify that any appeal from this case would be in good faith.

- 5 -

## ORDER

IT IS HEREBY **ORDERED** that the plaintiff's *in forma pauperis* status

is **DENIED** and the complaint (ECF No. 1) is **DISMISSED WITHOUT**

**PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER **ORDERED** AND CERTIFIED that any appeal taken

by the plaintiff would not be done in good faith.

Dated: August 19, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 19, 2021, by electronic and/or ordinary mail and also
on Nathaniel Jenkins #155668, Oaks Correctional Facility,
1500 Caberfae Highway, Manistee, MI 49660.

s/Brianna Sauve
Deputy Clerk

---

- 6 -